

Opinions of the United
States Court of Appeals
for the Third Circuit

7-29-2002

# USA v. Prunty

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-3978

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Prunty" (2002). *2002 Decisions.* Paper 456.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/456

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 01-3978
_____


UNITED STATES OF AMERICA

v.

KAREEM PRUNTY
a/k/a TOMMIE BROWN

Kareem Prunty,
Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
D.C. Criminal No. 98-cr-00357
(Honorable John W. Bissell)
_____


Submitted Pursuant to Third Circuit LAR 34.1(a)
July 15, 2002
Before: SCIRICA, ALITO and FUENTES, Circuit Judges

(Filed  July 29, 2002)


_____

OPINION OF THE COURT
_____


SCIRICA, Circuit Judge.

     The issue in this sentencing appeal is whether the District Court erred in applying a four-level enhancement under U.S.S.G.  3B1.1(a) (1998) for the defendant's role as organizer or leader of a criminal offense involving five or more participants.

I.

     In 1997, Tyrell Moore provided Kareem Prunty with false identification documents in the name of "Edward Hill" which Prunty used to purchase guns in West Virginia. Prunty later gave the "Edward Hill" identification papers to Chester Spriggs, who used them to buy additional guns in West Virginia. Prunty and Ronnie Seamon traveled to West Virginia to purchase firearms, which they transported back to New Jersey for resale. Several weapons were stored at the home of DeCarlos Brown, who sold some of them.  Mark Dean also purchased guns at Prunty's request at the West Virginia hardware store.

     On June 5, 1998, Prunty, Dean, Moore, Seamon and Spriggs were jointly charged in a 15-count indictment.  Under a plea agreement, Prunty pled guilty to conspiracy to traffic in firearms in violation of 18 U.S.C.  922(a)(1)(A) and 18 U.S.C.  371 in exchange for dismissal of the remaining counts.  The District Court accepted Prunty's

guilty plea.

The pre-sentence report adopted stipulations in the plea agreement and recommended a four-level aggravating role enhancement under U.S.S.G. 3B1.1(a) for organizing or leading the conspiracy. At sentencing, the District Court adopted these findings and enhanced Prunty's sentence four levels under U.S.S.G. 3B1.1(a). The District Court specifically found Prunty organized or led a criminal activity involving five or more participants.

The District Court imposed a forty-eight month prison sentence, three years of supervised release, a $1000 fine and a $100 special assessment. In a proceeding for collateral relief under 28 U.S.C. 2255, the District Court reinstated Prunty's right to appeal nunc pro tunc because his prior attorney failed to comply with his request to appeal. This appeal followed.

## II.

Prunty contends the District Court erred by enhancing his sentence under U.S.S.G. 3B1.1(a) because the evidence was insufficient to prove he organized or led the criminal activity. We review the District Court's factual determinations for clear error. "We will reverse only if we are left with a definite and firm conviction that a mistake has been made. We may not reverse if the district court's findings are plausible in light of the record viewed in its entirety." United States v. Barrie, 267 F.3d 220, 223 (3d Cir. 2001) (quotations and citations omitted).

Prunty claims his admission that he participated in a conspiracy to obtain and transport firearms does not support the four-level enhancement. We disagree. Application Note 4 to U.S.S.G. 3B1.1 enumerates factors the sentencing court should consider in determining whether the defendant was an organizer or leader. Those factors include:

> the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.

The evidence indicates that Prunty was an organizer or leader. He recruited at least two other participants (Dean and DeCarlos Brown). He bankrolled Dean's purchase of the firearms and paid Dean for his participation. Prunty was personally involved in all aspects of the conspiracy - including sales, purchasing, shipping, and firearms delivery. This evidence was sufficient for the sentencing court to conclude Prunty organized and led a criminal offense involving five or more participants. See United States v. Felton, 55 F.3d 861 (3d Cir. 1995); United States v. Ortiz, 878 F.2d 125 (3d Cir. 1989).

## III.

For the foregoing reasons, we will affirm the judgment of the District Court.

/s/ Anthony J. Scirica
Circuit Judge