

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-26-2009

# USA v. David Diaz

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2051

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. David Diaz" (2009). *2009 Decisions.* Paper 1682.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1682

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 08-2051

UNITED STATES OF AMERICA

v.

DAVID DIAZ,
                            Appellant

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Crim. No. 06-cr-00202-1)
District Judge:  The Honorable Anita B. Brody

Submitted Under Third Circuit LAR 34.1(a)
March 2, 2009

Before: BARRY, WEIS, and ROTH, Circuit Judges

(Opinion Filed:  March 26, 2009)

OPINION

BARRY, Circuit Judge

Appellant David Diaz was indicted on three counts: one for illegal reentry after

deportation, and two for violations of the drug laws.[1]  After pleading guilty to the illegal reentry count, a jury convicted Diaz on the drug counts.  On appeal, Diaz challenges his sentence of 121 months imprisonment.  For the reasons that follow, we will affirm the judgment of sentence.

I.

This case arises out of a drug interdiction that occurred at the Mexican border in 2005.  After stopping a tractor-trailer truck and detecting something suspicious, border patrol agents discovered over 1,000 pounds of marijuana hidden in adobe-style plaster products.  Hoping to ensnare the drug purchasers in a sting operation, Immigration and Customs Enforcement ("ICE") agents then arranged for the truck to be transported from Texas to Pennsylvania.  The sting was successful: a variety of persons, including Diaz, were eventually arrested and indicted in connection with the drug bust.

Diaz pled guilty to the illegal reentry count, and was convicted on the two drug counts.  At sentencing, the District Court imposed a two-level enhancement after finding that Diaz acted in a supervisory role pursuant to U.S.S.G. § 3B1.1(c).  Taking this enhancement into account, Diaz had a base offense level of 31; with a criminal history category of II, he faced a Guidelines range of 121 to 151 months.  The District Court

_____

[1] More specifically, Diaz was charged with illegal reentry after deportation, in violation of 8 U.S.C. § 1326, conspiracy to possess with the intent to distribute 100 kilograms or more of marijuana, in violation of 21 U.S.C. § 846, and aiding and abetting possession with the intent to distribute 100 kilograms or more of marijuana, in violation of 21 U.S.C. § 841.

ultimately sentenced Diaz to the low end of the range, 121 months.

Diaz alleges error in two respects: first, he asserts that his sentence violates *United States v. Booker*, 543 U.S. 220 (2005), and its progeny because the sentencing enhancement and facts undergirding that enhancement were not proven to the jury beyond a reasonable doubt; second, he asserts that the District Court committed clear error when it found that Diaz acted in a supervisory role.

## II.

The government did not have to prove the sentencing enhancement to the jury beyond a reasonable doubt. The now-familiar remedial holding of *Booker* dictates that because the Guidelines are advisory, facts upon which sentencing enhancements are based need not be proven to a jury beyond a reasonable doubt. *See, e.g.*, *Booker*, 543 U.S. at 244-68; *United States v. Grier*, 475 F.3d 556, 565-66 (3d Cir. 2007). Indeed, Diaz acknowledges that this issue is raised for "the purpose of preserving [it] for possible review by the United States Supreme Court." (Appellant's Br. 10.) There was no error.

## III.

Diaz next challenges whether the evidence supports the District Court's finding that he played a supervisory role. The relevant Guidelines provision provides for a two-level enhancement if a defendant was an "organizer, leader, manager, or supervisor" in the criminal activity in question. U.S.S.G. § 3B1.1(c). We will reverse the District Court's factual determination here "only if its conclusion was clearly erroneous." *United*

*States v. Felton*, 55 F.3d 861, 864-65 (3d Cir. 1995) (affirming a § 3B1.1(c) enhancement even though the record on the issue was "not extensive"). An enhancement under § 3B1.1(c) need only be proven by a preponderance of the evidence. *See supra* (discussing and rejecting Diaz's *Booker* challenge).

The District Court did not err in granting the supervisory role enhancement. In making its determination, the Court considered the trial and grand jury testimony of Diaz's co-conspirators, the statements of his co-conspirators as recounted by an ICE agent, and a videotape showing Diaz at the scene while other persons unloaded the drugs.[2] (*See* App. 417-18.) This evidence supports the finding that Diaz played a supervisory role. (*See, e.g.*, *id.* at 233-50 (co-conspirator trial testimony); *id.* at 408-09 (ICE agent testimony recounting statements of co-conspirators that indicate Diaz directed them); *see also* Supplemental App. 7-8, 14 (co-conspirator grand jury testimony indicating Diaz hired co-conspirator to drive him).)

Diaz correctly notes that § 3B1.1(c) cannot apply if all the participants to a crime share equal responsibility. *See, e.g.*, *United States v. Katora*, 981 F.2d 1398 (3d Cir.

---

[2] Diaz's challenge to the admissibility of the evidence is unavailing. While it is true that his co-conspirators were cooperating with the government and hoping for leniency and that they had used drugs in the past, such motivations and circumstances are commonplace and do not preclude the Court from relying on that evidence. Additionally, hearsay evidence is generally admissible at sentencing. *See, e.g.*, Fed. R. Evid. 1101(d)(3) (noting that Federal Rules of Evidence are inapplicable in sentencing proceedings); *United States v. Robinson*, 482 F.3d 244, 246 (3d Cir. 2007) (rejecting contention that the Sixth Amendment precludes admission of hearsay evidence at sentencing, calling "[t]he law on this issue . . . well settled").

1992) (finding that supervisory role enhancement cannot apply unless defendant had control over at least one person). However, the District Court concluded that the participants in this crime did *not* share equal responsibility, and that Diaz had a supervisory role. The supervisory role enhancement can apply to a number of persons within the ambit of the same conspiracy, and the District Court did not err in concluding that Diaz was a supervisor within the conspiracy and deserving of the enhancement.

IV.

We will affirm the judgment of sentence.