OPINION OF THE COURT
MCKEE, Circuit Judge.
Jonathan Saint Preux appeals the sentence of 57 months imprisonment followed by two years of supervised release that was entered following his guilty plea. For the reasons that follow, we will affirm.
I.
Because we write primarily for the parties, it is not necessary to recite the facts *748 or history of this case except as may be helpful to our brief discussion. Saint Preux pled guilty pursuant to a plea agreement to submitting false immigration documents in violation of 18 U.S.C. § 1546(a), and the government agreed to dismiss the remaining seven counts of the indictment in return. The plea agreement between the parties set forth that Saint Preux’s base offense level was 11, pursuant to U.S.S.G. § 2L2.1. The parties stipulated that his base offense level should be increased: (1) nine levels pursuant to U.S.S.G. § 2L2.1(b)(2)(c) because the offense involved more than 100 documents; (2) two levels because Saint Preux was the organizer, leader, manager and supervisor in a criminal activity pursuant to U.S.S.G. § 3Bl.l(c); and (3) two levels because Saint Preux both abused a position of private trust and used a special skill in a manner that significantly facilitated the commission and concealment of the offense pursuant to U.S.S.G. 3B1.3. That total offense level was subject to reduction based on the following clause of the plea agreement:
If defendant Jonathan Saint Preux enters a plea pursuant to this agreement and qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3El.l(a), and if in addition defendant Jonathan Saint Preux’s offense level under the Guidelines prior to the operation on § 3El.l(a) is 16 or greater, defendant Jonathan Saint Preux will be entitled to a further one-point reduction in his offense level pursuant to U.S.S.G. § 3El.l(b).
App. 35.
The district court found that with a total offense level of 24 and Criminal History category of I, Saint Preux fell within the advisory range of 51 to 63 months imprisonment, and imposed a sentence of 57 months imprisonment followed by two years of supervised release. Saint Preux now challenges the district court’s refusal to reduce his guideline offense level by three levels based on his acceptance of responsibility, as stipulated in the plea agreement.
II.
Saint Preux has the burden of establishing that he is entitled to a three level reduction for acceptance of responsibility by a preponderance of the evidence. United States v. Boone, 279 F.3d 163, 193 (3d Cir.2002). The district court’s denial of the three point reduction is entitled to “great deference” because “the sentencing judge is in a unique position to evaluate a defendant’s acceptance of responsibility.” Id. (quoting U.S.S.G. § 3E1.1(a), App. Note 5).
We review factual findings “underlying the denial of a Sentencing Guidelines reduction for acceptance of responsibility for clear error, and reverse only if we are left with a definite and firm conviction that a mistake has been committed.” United States v. Lessner, 498 F.3d 185, 199 (3d Cir.2007) (citing Boone, 279 F.3d at 193; United States v. Felton, 55 F.3d 861, 864 (3d Cir.1995)).
Saint Preux acknowledges that the “law imposes a formidable burden” on his appeal. Appellant’s Br. at 24. He nevertheless argues that he can satisfy the burden because of the terms of the plea agreement even though he nevertheless admits that the written agreement does not promise a three point reduction on its face. Moreover, Saint Preux’s reliance on the terms of the plea agreement ignore the provisions of Application Note 3 to U.S.S.G § 3E1.1 which states that a “defendant who enters a guilty plea is not entitled to an adjustment under this section as a matter of right.”
*749 Saint Preux argues that he fully admitted his wrongdoing, gave at least three proffers to the government and even offered to testify against one of his co-conspirators at trial. Appellant’s Br. at 27. The government, however, points to portions of Saint Preux’s testimony both before and during the sentencing hearing that purportedly reflect a lack of remorse and lack of responsibility. For example, at the sentencing hearing, Saint Preux stated that “I did plead guilty, your Honor, but not knowingly, not freely”; “The next day I go to my office because I knew I did not do anything wrong”; and then finally, “I didn’t sign those applications ... [i]t is not even close to my signature.” App. 92, 96, 102-03.
Although Saint Preux clearly had a right to plead not guilty and force the government to prove its case beyond a reasonable doubt, he elected to plead guilty in return for the benefits offered in the plea agreement. However, in doing so, he attempted to plead guilty without admitting guilt. In denying three points for acceptance of responsibility, the court emphasized Saint Preux’s statements to the Probation Office. Saint Preux denied signing all of the fraudulent applications, claiming that Patel, a co-defendant, had forged his signature on over 400 of the applications. Pre-Sentencing Report at 32, ¶ 102. Saint Preux also told the Probation Office that the “government doesn’t have the resources to go after the applicants. So they go after the attorneys.” Id. at 33, ¶ 105. Saint Preux argues that his statements to Probation should not have been considered because his attorney was not present for the interview. That is a frivolous response. The absence of his counsel did not preclude the district court from relying on the statements. Appellant’s Br. at 28.
Saint Preux claims that his statement disclaiming responsibility for 400 of the applications was only a “minor retreat from his previous admission.” Id. at 28-29. However, the size of the retreat need not control how the court views his entitlement to a three point reduction for acceptance of responsibility. The district court was clearly entitled to consider his equivocations when deciding upon the extent of departure Saint Preux was entitled to based on his guilty plea.
Similarly, we will not second guess the district court’s view of the apology Saint Preux finally managed to articulate. The district court properly weighed these considerations and concluded that Saint Preux’s guilty plea should not automatically purchase a three level departure.
III.
For all of the above reasons, we conclude that the district court did not err in refusing to reduce Saint Preux’s guideline offense level based on his acceptance of responsibility, and will therefore affirm the district court’s sentence of 57 months to be followed by two years of supervised release.