**UNITED STATES of America,
Plaintiff,**

v.

**Billy R. CHANCE, Defendant.**

No. 98–30064.

United States District Court,
C.D. Illinois,
Springfield Division.

May 19, 1999.

David B. Mote, Springfield, IL, for plaintiff.

Timothy A. Bass, Springfield, IL, for defendant.

## OPINION

RICHARD MILLS, District Judge.

Billy Chance alleges that he has been denied his right to a speedy trial.

And although an unreasonable amount of time *was* spent in transporting the Defendant to his mental competency evaluation, under the law in this Circuit his right to a speedy trial has not been denied.

Chance asks the Court to dismiss the indictment filed against him based upon a violation of the Speedy Trial Act. 18 U.S.C. § 3161. The grand jury returned its indictment against him on October 8, 1998.[1] Chance filed the instant motion on April 27, 1999. Thus, the issue before this Court is whether more than 70 of this 201 day time period should be considered non-excludable for purposes of the Speedy Trial Act. 18 U.S.C. § 3161(c)(1). If more

1. Defendant had his initial appearance before Magistrate Judge Cudmore on September 17, 1998.

2. Defendant argues that 107 days should be considered by the Court as being non-excludable under the statute. The Government argues that no more than 55 days should be considered non-excludable under the Act.

than 70 days are considered to be nonexcludable, then Chance's motion must be allowed; otherwise, his motion must be denied.[2]

Defendant argues that the 20 days between October 8, 1998, and October 28, 1998, *i.e.*, the day on which Defendant moved for a mental competency evaluation, should be considered non-excludable. Defendant asserts that the time granted for the preparation and filing of pretrial motions should not be considered to be excludable under the Speedy Trial Act.

Although there is a circuit split on this issue,[3] the United States Court of Appeals for the Seventh Circuit has held that the time prescribed for filing pretrial motions "is clearly excludable from Speedy Trial Act calculations in this circuit ... even though no motions [a]re actually filed by the parties." *United States v. Garrett,* 45 F.3d 1135, 1138 (7th Cir.1995), citing *United States v. Montoya,* 827 F.2d 143, 153 (7th Cir.1987). While this may be the minority view, this Court is still bound by that view.

In this district, Local Rule 12.1 establishes that all pretrial motions must be filed within 20 days of the arraignment. Accordingly, the 20 days between October 8, 1998, and October 28, 1998, are excludable for purposes of the Speedy Trial Act.

On October 28, 1998, Defendant moved for a mental competency evaluation. On October 30, 1998, the Court allowed Defendant's motion. Thus, these two days are excluded for purposes of the Act. 18 U.S.C. § 3161(h)(1)(F).

Defendant argues that the 57 days from November 9, 1998, until January 5, 1999, should be considered non-excludable under

3. *United States v. Fields,* 39 F.3d 439, 444 n. 3 (3rd Cir.1994); *United States v. Moran,* 998 F.2d 1368, 1370–71 (6th Cir.1993); *United States v. Hoslett,* 998 F.2d 648, 657 (9th Cir. 1993).

the Act.[4] Although on October 30, 1998, this Court ordered Defendant to undergo a mental competency evaluation, the United States Marshal's Service did not transfer Defendant to the Bureau of Prison's facility which was assigned to perform his evaluation until January 5, 1999. Defendant asserts that under the statute, any time taken in excess of ten days to transport him for purposes of his examination is presumed to be unreasonable and that the unreasonable delay in transporting him for his examination is not excludable under the Speedy Trial Act. 18 U.S.C. § 3161(a)(1)(H); *United States v. Noone*, 913 F.2d 20, 25–26 (1st Cir.1990).

In *Henderson v. United States*, 476 U.S. 321, 329–30, 106 S.Ct. 1871, 90 L.Ed.2d 299 (1986), the United States Supreme Court held that 18 U.S.C. § 3161(h)(1)(F) excluded from the Speedy Trial Act's calculation all time between the filing of a motion and the conclusion of the hearing on that motion whether or not a delay in holding the hearing was "reasonably necessary." Two Circuit Courts have reached different conclusions when applying *Henderson* to a motion to dismiss based upon a violation of the Speedy Trial Act.

The Second Circuit has held that the Speedy Trial Act's automatic exclusion provision applies to subsection (h)(1)(A) whether or not the delay was reasonable or due to transporting a defendant. *United States v. Vasquez*, 918 F.2d 329, 333 (2nd Cir.1990). Thus, the Second Circuit opined that all delays which occur prior to a defendant's competency hearing "must be excluded from the calculation of the speedy trial clock whether or not they are reasonable." *Id.*

On the other hand, the First Circuit has found that the portion of the delay caused by transporting a defendant is controlled by § 3161(h)(1)(H), not subsection (h)(1)(A). *Noone*, 913 F.2d at 25 n. 5. The First Circuit opined that "[a]ny other interpretation would render mere surplusage the specific reference in subparagraph (h)(1)(H) to transportation 'to and from places of examination or hospitalization.'" *Id.* Therefore, under the First Circuit's reasoning, any delay resulting from transporting a defendant is presumptively limited to ten days.[5] *Id.*

However, this Court need not speculate as to whether the Seventh Circuit, when presented with this issue, will adopt the First or the Second Circuit's position because, in the instant case, whether this Court applies *Noone's* or *Vasquez's* reasoning, the end result is the same (*i.e.*, Defendant's right to a speedy trial was not violated). Thus, the Court will give Defendant the benefit of the doubt and will apply subsection § 3161(a)(1)(H)'s ten day presumption in this case. Therefore, of the 67 days taken to transport Defendant, 14 days are considered excludable and 53 days are considered non-excludable for purposes of the Speedy Trial Act.[6]

■ Although Defendant concedes that the time period from January 5, 1999, (*i.e.*, the day his evaluation began) until March 15, 1999, (*i.e.*, the day on which the Court received the report regarding his competency) is excludable, Defendant argues that the 28 days between the Court's receipt of his report and conducting the hearing should be considered to be non-

---

4. Defendant acknowledges that one day in December is excluded from the Speedy Trial Act's calculation because he filed a motion to continue on December 22, 1998, which the Court allowed the following day. He also acknowledges that the ten days between October 30, 1998, and November 9, 1998, are excluded as reasonably necessary to transport him to his mental competency evaluation.

5. The Court has been unable to find a case from the Seventh Circuit which squarely addresses this issue.

6. Although 18 U.S.C. § 3161(a)(1)(H) provides for a ten day time period, "[i]n calculating the exclusion of the ten days, intervening Saturdays, Sundays and legal holidays are not included." *Garrett*, 45 F.3d at 1138 n. 1; Fed.R.Crim.Pro. 45(a).

excludable.[7] Defendant asks the Court to require the Government to prove that this time period should be considered to be excludable because he has made out a *prima facie* showing that more than 70 days have elapsed since his indictment.

However, "the time reasonably required to consider the psychiatric examination report, and to schedule and conduct the hearing ... [i]s excludable." *Noone*, 913 F.2d at 27; *Vasquez*, 918 F.2d at 333; 18 U.S.C. § 3161(h)(1)(A) & (h)(1)(F). Here, the Court does not believe that the 28 days which elapsed from the receipt of the report to the conducting of the hearing was unreasonable. The Court, the Government's counsel, and Defendant's counsel needed this time to consider the report and to prepare for the mental competency hearing. Therefore, the 28 days between the Court's receipt of Defendant's mental competency report and conducting his mental competency hearing are excludable for purposes of the Speedy Trial Act.

██ Immediately following his mental competency hearing, Defendant moved for a short continuance to continue plea negotiations with the Government. The Court allowed this oral motion and reset the matter for April 19, 1999. Thus, these seven days are excludable for purposes of the Speedy Trial Act.

██ In addition, at his change of plea hearing set before Magistrate Judge Cudmore on April 21, 1999, Defendant moved for another continuance so that he could file the instant motion. Magistrate Judge Cudmore allowed Defendant's motion that same day, and Defendant filed the instant motion on April 27, 1999. Thus, these six days are excludable for purposes of the Speedy Trial Act.

---

7. The Court conducted Defendant's mental competency hearing on April 12, 1999.

8. The Government has also made an argument that as few as 39 days should be considered to be non-excludable for purposes of the

██ Based upon the above chronology, the Court finds that Defendant's rights under the Speedy Trial Act have not been violated. Of the 201 days which have elapsed between Defendant's indictment and the filing of the instant motion, 146 days are considered to be excludable, and 55 days, at the most,[8] are considered to be non-excludable for purposes of the Speedy Trial Act. The only days which the Court believes should be considered to be non-excludable for purposes of the Speedy Trial Act are the 53 days which it unreasonably took the United States Marshal's Service to transport Defendant to the facility at which his mental competency hearing occurred and the two days which elapsed between the final pretrial conference setting (*i.e.*, April 19, 1999) and his change of plea hearing (*i.e.*, April 21, 1999). All other days are excludable under the Speedy Trial Act.

*Ergo*, Defendant's Motion to Dismiss based upon the Speedy Trial Act is DENIED.

Speedy Trial Act. However, the Court need not address this argument because even if the Court views the calculation in a light most favorable to Defendant, no violation of the Speedy Trial Act has occurred.