

1994 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-3-1994

# United States v. Fields

Precedential or Non-Precedential:

Docket 94-3078

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1994

Recommended Citation

"United States v. Fields" (1994). *1994 Decisions.* Paper 176.
http://digitalcommons.law.villanova.edu/thirdcircuit_1994/176

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 1994 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 94-3078 and 94-3081
_____

UNITED STATES OF AMERICA,
Appellee

v.

DAVID FIELDS,
Appellant

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
(D.C. Criminal No. 92-00183)
_____

Argued:  September 13, 1994
Before:  BECKER and ALITO, Circuit Judges, and
BRODY, District Judge*

(Opinion Filed: November 3, 1994)

_____

MARY R. PORTIS, ESQ. (Argued)
PORTIS & ASSOCIATES
One Bigelow Square
Twentieth Floor
Pittsburgh, PA  15219

Attorney for Appellant

FREDERICK W. THIEMAN
United States Attorney

_____

* The Honorable Anita B. Brody, United States District Judge for
the Eastern District of Pennsylvania, sitting by designation.

BONNIE R. SCHLUETER (Argued)
Assistant United States Attorney

633 U.S. Post Office and Courthouse
Pittsburgh, PA 15219

Attorneys for Appellee

_____

OPINION OF THE COURT
_____

ALITO, Circuit Judge:

David Fields has appealed his conviction and sentence for violations of the federal drug laws. He argues that his indictment should have been dismissed under the Speedy Trial Act, 18 U.S.C. § 3161 et seq., and that the district court erred in calculating his sentence. We affirm the defendant's conviction, but we vacate his sentence and remand for resentencing pursuant to United States v. Rodriguez, 975 F.2d 999 (3d Cir. 1992).

I.

On September 17, 1992, the defendant was indicted in the Western District of Pennsylvania for (count one) possession, with the intent to distribute, of less than 100 grams of heroin, in violation of 21 U.S.C. § 841(a)(1); (count two) possession, with intent to distribute, of less than 100 grams of heroin within 1000 feet of a public school or playground, in violation of 21 U.S.C. § 860(a); and (count three) use of a person under 18

years of age to deliver heroin, in violation of 21 U.S.C. § 861(a)(1).  On September 25, the defendant was taken before a magistrate judge in Pittsburgh for an initial appearance.  On October 6, the defendant's attorney moved for an extension of the time for filing pretrial motions under the local rules, and on October 7 the district court granted an extension until October 24, which was a Saturday (thus making those motions due on Monday, October 26).  The order granting the extension stated:

> IT IS FURTHER ORDERED that the extended time period within which defendant may file pretrial motions be excluded under Title 18 U.S.C. § 3161(h)(8)(A), since the court finds that the additional period is necessary to enable counsel for the defendant adequately to investigate and prepare pretrial motions.[1]

A change of plea hearing was subsequently requested, and because the judge to whom the case had initially been assigned was involved in a trial in Erie, another judge agreed to preside at that hearing on December 10.  Due to a severe snowstorm, however, the case agent was unable to attend the hearing in Pittsburgh on that date, and the case was then listed for disposition, by trial or the entry of a guilty plea, on December 16.

---

[1].  Since the district court's intent appears to have been to exclude the time from the granting of the extension until the date when pretrial motions were actually due, we interpret the exclusion to extend until October 26.  Accordingly, once this time was excluded, the Speedy Trial Act deadline for the commencement of the trial became December 22, 1992.

On December 16, the defendant and his attorney requested a 30-day continuance so that plea negotiations could continue. After engaging in an extensive colloquy with counsel and after questioning the defendant personally, the district court judge granted a continuance pursuant to 18 U.S.C. § 3161(h)(8)(A)[2] and made the following findings:

> I think that the ends of justice will be served by taking this action, and those ends outweigh the best interests of the public and the defendant in a speedy trial; and the reason is that this gives the government an opportunity to get more information concerning the drug trade. It gives the defendant an opportunity to furnish more information. This is not only to the benefit of the defendant, but might benefit the government, and, therefore, we will grant the motion.

Eventually, the plea negotiations broke down. Although the defendant expressed a willingness to plead guilty to counts one and two, he refused to plead guilty to count three. The defendant's attorney then moved to dismiss the indictment under the Speedy Trial Act, but that motion was denied, and trial on all counts began on January 20, 1993.

At trial, the prosecution introduced evidence that the defendant had arranged to meet an informant for the purpose of selling him heroin and that this meeting had occurred within a short distance of a playground where children were playing. The

---

[2]. We interpret the district court's order as excluding the 30 days beginning with the previous deadline for the commencement of the trial.

prosecution's evidence also showed that at this meeting the informant had given the defendant $200 and that the defendant had instructed a young man or boy to hand over a package of heroin to the informant.  The tape recording of the conversation between the defendant and the informant revealed that the defendant had introduced the young man or boy as his nephew Jason, and the prosecution introduced evidence that the defendant's fiancee had a nephew named Jason who was 16 years old at the time of the offense.

The defendant testified and admitted that he had participated in the transaction and that it had occurred within 1000 feet of a playground.  He insisted, however, that his accomplice was not his nephew Jason but a different person, who was 18 years old at the time of the offense.  The jury found the defendant guilty on counts one and two but not guilty on count three.  After denying reconsideration of the defendant's motion to dismiss the indictment under the Speedy Trial Act, the district court sentenced the defendant to 41 months' imprisonment.  This appeal followed.

II.

The defendant first argues that he was not brought to trial within 70 days from his initial appearance, as required by the Speedy Trial Act, 18 U.S.C. § 3161(c)(1).  The defendant contends that the district court's contrary holding was incorrect

primarily because (a) the district court erroneously excluded the period from October 6, 1992, when the defendant's attorney moved for an extension of time to file pretrial motions, until October 26, 1992, when those motions were due, and (b) the district court incorrectly excluded the period of delay resulting from the continuance that was sought by the defense for the purpose of pursuing plea negotiations.  As previously noted, the district court excluded both of these periods under 18 U.S.C. §

3161(h)(8)(A), which requires the exclusion of

> [a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

The defendant's arguments are disturbing because he would have us order the dismissal of his indictment based on continuances that his own attorney sought.  As we warned in United States v. Lattany, 982 F.2d 866, 883 (3d Cir. 1992), cert. denied, 114 S. Ct. 97 (1993), "[d]efendants cannot be wholly free to abuse the system by requesting (h)(8) continuances and then

argue that their convictions should be vacated because the continuances they acquiesced in were granted."  See also, e.g., United States v. Culp, 7 F.3d 613, 617 (7th Cir. 1993), cert. denied, 114 S. Ct. 2108 (1994); United States v. Kucik, 909 F.2d 206, 210-211 (7th Cir. 1990), cert. denied, 498 U.S. 1070 (1991). Rejection of the defendant's arguments might be justified on this ground alone, but in any event a straightforward application of the provisions of the Speedy Trial Act leads to the same conclusion.

A.  1.  We turn first to the exclusion of the period from October 6, 1992, when the district court granted the defense motion for an extension of time to file pretrial motions, until October 26, 1992, when those motions were due.  The defendant contends that this period could not properly be excluded under 18 U.S.C. § 3161(h)(8)(A) because the district court did not comply with the procedural requirement that it "set[] forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of [the] continuance outweigh[ed] the best interests of the public and the defendant in a speedy trial."  18 U.S.C. § 3161 (h)(8)(A).  We do not agree.

In granting the extension, the court stated that it "[found] that the additional period [was] necessary to enable counsel for the defendant adequately to investigate and prepare pretrial motions."  A9.  Moreover, in denying the defendant's

motion to reconsider his motion for dismissal of the indictment, the district court elaborated that defense counsel "needed time to decide what to do, to examine the tape recording for example, or to investigate the birthdate of the alleged minor and perhaps try to suppress both." A5. We have held that the statement of reasons required by 18 U.S.C. § 3161(h)(8)(A) need not be placed on the record at the time when the continuance is granted. United States v. Brooks, 697 F.2d 517, 522 (3d Cir. 1982), cert. denied, 460 U.S. 1073 (1983). See also United States v. Lattany, 982 F.2d at 877; United States v. Brenna, 878 F.2d 117, 122 (3d Cir. 1989); United States v. Rivera Construction Co., 863 F.2d 293, 297 (3d Cir. 1988). Consequently, the explanation provided by the district court in denying reconsideration may also be properly considered. Viewing the order granting the continuance and the order denying reconsideration together, we are convinced that the district court provided a sufficient statement of reasons to satisfy 18 U.S.C. 3161(h)(8)(A).

While acknowledging our prior holdings that the requisite statement of reasons need not be made when the continuance is granted, the defendant contends that the explanation given by the district court in denying reconsideration cannot properly be taken into account under 18 U.S.C. § 3161(h)(8)(A) because this explanation may not correspond with the actual reasons for granting the continuance. See Appellant's Br. at 29. However, we see no factual support

for this argument in the record.  In granting the continuance, the court expressly relied on 18 U.S.C. § 3161(h)(8) and stated that defense counsel needed more time to investigate and prepare pretrial motions.  In denying reconsideration, the court mentioned some of the avenues of investigation that defense counsel might have wished to pursue.  Thus, the reason for the finding -- that defense counsel's need to explore possible pretrial motions outweighed the countervailing speedy trial interests -- remained the same throughout.

2.  The defendant next suggests that, even if the district court made the finding required by 18 U.S.C. § 3161(h)(8)(A), that finding was wrong because defense counsel's need for extra time to work on possible pretrial motions did not outweigh the interests that would have been served by a speedier trial.  Characterizing this case as one involving a "non-complex, single drug transaction," Appellant's Br. at 29, the defendant suggests that his attorney should have been able to investigate and prepare any pretrial motions without the need for an extension.  We reject this argument as well.

First, we hold that in appropriate circumstances an "ends of justice" continuance under 18 U.S.C. § 3161(h)(8)(A) may be granted to permit the preparation of pretrial motions.[3]  In

_____

[3].  Courts of Appeals have disagreed on whether delay attributable to the preparation of pretrial motions is excludable under the general language of 18 U.S.C. § 3161(h)(1), which applies to periods of delay "resulting from other proceedings concerning the defendant."  Many circuits have held such delays excludable.  See United States v. Hoslett, 998 F.2d 648, 654-57

determining whether to grant an "ends of justice" continuance, a court is required to consider the following factors:

> (ii)  Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect <u>adequate preparation for pretrial proceedings or for the trial itself</u> within the time limits established by this section. . . .

> (iv)  Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government <u>the reasonable time necessary for effective preparation</u>, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(8)(B)(ii) and (iv) (emphasis added).  Because subsection (ii) refers expressly to "preparation for pretrial proceedings," it seems plain that an "ends of justice" continuance may be granted for the purpose of giving counsel additional time to prepare motions in "unusual" or "complex"

(..continued)
(9th Cir. 1993); <u>United States v. Barnes</u>, 909 F.2d 1059, 1064–65 (7th Cir. 1990); <u>United States v. Mobile Materials, Inc.</u>, 871 F.2d 902, 913–14 (10th Cir. 1989) (per curiam), <u>opinion supplemented on rehearing</u>, 881 F.2d 866 (10th Cir. 1989), <u>cert. denied</u>, 493 U.S. 1043 (1990); <u>United States v. Wilson</u>, 835 F.2d 1440, 1444–45 (D.C. Cir. 1987); <u>United States v. Montoya</u>, 827 F.2d 143, 153 (7th Cir. 1987); <u>United States v. Jodoin</u>, 672 F.2d 232, 238 (1st Cir. 1982).  The Sixth Circuit, however, disagrees. <u>See United States v. Moran</u>, 998 F.2d 1368, 1370–71 (6th Cir. 1993).  In light of our holding with respect to 18 U.S.C. § 3161(h)(8), we need not address this issue.

cases. Moreover, we conclude that a continuance for the preparation of pretrial motions is also permissible under some circumstances in cases that are not "unusual or complex." Subsection (iv) makes it clear that a continuance "necessary for effective preparation" is allowed in such cases,[4] and we think it is natural to interpret the phrase "effective preparation" in subsection (iv) as having the same meaning as the longer phrase -- "adequate preparation for pretrial proceedings or for the trial itself" -- in subsection (ii). Consequently, whether or not a case is "unusual" or "complex," an "ends of justice" continuance may in appropriate circumstances be granted in order to provide adequate time for the preparation of pretrial motions.

Second, we see no basis for reversing the district court's conclusion that such a continuance was appropriate in this case. "Our inquiry is limited to the question whether the district court abused its discretion in granting this continuance," Brooks, 697 F.2d at 522, and we hold that it did not.

3. The defendant's final argument regarding the exclusion of the period covered by the extension of time for the preparation of pretrial motions is based on Rule 12.1(B) of the

---

[4]. See United States v. Dota, _____ F.3d. _____ (9th Cir. 1994) ("An ends-of-justice continuance may be justified on grounds that one side needs more time to prepare for trial[,] 18 U.S.C. § 3161(h)(8)(b)(iv)[, even though a case is] not `complex' as that term is defined in § 3161(h)(8)(B)(ii) . . . ."); United States v. Monroe, 833 F.2d 95 (6th Cir. 1987).

Local Rules of the United States District Court for the Western District of Pennsylvania.[5]  The defendant argues that the order granting defense counsel's motion for an extension was "void ab initio" because the motion was not filed within ten days after arraignment, as required by this local rule.  We do not accept this argument.  First, the defendant cites no authority for the proposition that a motion filed in violation of a local rule is void ab initio for Speedy Trial Act purposes, and we are aware of no such authority.  Second, it does not appear that the local rule was violated.  As the district court noted in denying reconsideration, the rule provides that "the court, in its discretion for good cause shown, may permit a motion to be made and heard at a later time."  By entertaining and granting the extension request, the district court appears to have implicitly granted an extension of the time period specified in the local rule.

---

[5].  This provision states:

> Motions under Rule 12 and Rule 41(e) of the Federal Rules of Criminal Procedure shall be made either before a plea is entered or within ten days after arraignment, unless the court extends the time either at arraignment, or upon written application made within the said ten-day period.  Such application shall set forth the grounds upon which it is made and shall be served on the United States attorney.  The court, in its discretion, may, however, for good cause shown, permit a motion to be made and heard at a later date.

We therefore hold that the district court was correct in excluding, for Speedy Trial purposes, the period from the granting of defense counsel's request for an extension of time to file pretrial motions until that extension expired.

B.  We next consider the defendant's argument that the district court erroneously excluded the period covered by his attorney's request for a continuance so that plea negotiations could be pursued.  The defendant seems to suggest that 18 U.S.C. § 3161(h)(8) cannot apply to a continuance granted for this purpose, but we do not agree.  Nothing in the language of 18 U.S.C. § 3161(h)(8) suggests that an "ends of justice" continuance may not be granted for this purpose.[6]  Instead, the statutory language refers broadly to "[a]ny period of delay resulting from a continuance granted" to serve "the ends of justice."  18 U.S.C. § 3161(h)(8)(A).  In current federal practice, plea negotiations play a vital role.  We therefore see no reason why an "ends of justice" continuance may not be granted in appropriate circumstances to permit plea negotiations to

_____

[6].  Congress specifically provided in 18 U.S.C. § 3161(h)(1)(I) for the exclusion of "delay resulting from consideration by the court of a proposed plea agreement to be entered into by the defendant and the attorney for the Government."  This provision does not suggest, however, that Congress meant to preclude an "ends of justice" continuance under 18 U.S.C. § 3161(h)(8) for the purpose of permitting plea negotiations to continue.  "Ends of justice" continuances under 18 U.S.C. § 3161(h)(8) were obviously intended for use in situations that do not fall within one of the exclusions specifically set out in 18 U.S.C. § 3161(h)(1)-(7).

continue.[7]  See United States v. Williams, 12 F.3d 452, 460 (5th Cir. 1994).  Cf. United States v. Montoya, 827 F.2d 143, 150 (7th Cir. 1987) (delay caused by plea bargaining excluded under 18 U.S.C. § 3161(h)(1)(D)).

   While we believe that such continuances should be granted sparingly, we hold that the district court's exercise of discretion in this case was proper.  Defense counsel strongly urged the court to grant the continuance, noting that his client

---

[7].  Our holding is consistent with the decision in United States v. Perez-Reveles, 715 F.2d 1348, 1350-53 (9th Cir. 1983).  In that case, the Ninth Circuit held that the district court had erred in excluding a certain period of time under 18 U.S.C. § 3161(h)(8)(A) because "the district court's rulings did not include the explicit findings" required by that provision.  715 F.2d at 1353.  See also United States v. Lewis, 980 F.2d 555, 563 n.13 (9th Cir. 1992)(summarizing holding of Perez-Reveles).  Because the findings in this case were more extensive and better supported than those in Perez-Reveles, we see no conflict between the two decisions.

   We recognize, however, that there may be tension between our decision and the dictum in Perez-Reveles that "[n]egotiation of a plea bargain is not one of the factors supporting exclusion provided in section 3161(h)(8)(B)."  715 F.2d at 1352 (footnote omitted).  While it is certainly true that the need for more time in order to conduct plea negotiations is not among the factors listed in 18 U.S.C. § 3161(h)(8)(B)(i)-(iv), it does not follow that a district court cannot consider this factor.  Title 18 U.S.C. § 3161(h)(8)(B) (emphasis added) states that:

> [T]he factors, among others, which a judge
> shall consider in determining whether to
> grant a continuance . . . [are those set out
> in 18 U.S.C. § 3161(h)(8)(B)(i)-(iv)].

Thus, it is clear that a judge may (and, indeed, "shall") consider other factors as well.  If the Perez-Reveles court reasoned to the contrary, we must disagree.

was offering to provide information that could be helpful in other drug investigations and that such cooperation could enable his client to obtain a more favorable sentence. A33-34, 37-38. The prosecution informed the court that the defendant had made a "very good and very thorough proffer" and that the parties were "making progress" in reaching an agreement. A29, 34. The court was aware that negotiations had been hampered due to the illness and hospitalization of the DEA agent who was knowledgeable about drug dealing in the area of Pittsburgh with which the defendant was familiar. A 38. The court questioned the defendant himself and verified that he preferred to continue plea negotiations rather than going to trial immediately. A40-47. Under all of these circumstances, the "ends of justice" continuance was properly granted. We thus hold that the Speedy Trial Act was not violated in this case.[8]

### III.

The defendant next contends that the district court committed several errors in calculating his sentence.

A. The defendant's first sentencing argument is that the district court misapplied U.S.S.G. § 3E1.1, which concerns "acceptance of responsibility." This provision states:

---

[8]. We have considered all of the defendant's Speedy Trial Act arguments that are not directly addressed in the body of this opinion, and we find those arguments to lack merit.

(a)   If the defendant clearly demonstrates acceptance
      of responsibility for his offense, decrease the
      offense level by **2** levels.

(b)   If the defendant qualifies for a decrease under
      subsection (a), the offense level determined prior
      to the operation of subsection (a) is level **16** or
      greater, and the defendant has assisted
      authorities in the investigation or prosecution of
      his own misconduct by taking one or more of the
      following steps:

   (1)   timely providing complete information to the
         government concerning his own involvement in
         the offense; or

   (2)   timely notifying authorities of his intention
         to enter a plea of guilty, thereby permitting
         the government to avoid preparing for trial
         and permitting the court to allocate its
         resources efficiently.

decrease the offense level by **1** additional level.

The district court granted a two-offense-level decrease under

U.S.S.G. § 3E1.1(a), but the defendant maintains that he was

entitled to an additional one-offense-level decrease under

subsection (b).  In rejecting this argument, the district court

stated:

> I don't think that you would be entitled to
> that [the third point] unless he had accepted
> responsibility for all of the counts.

Supp. App. 7.  The court then added:

> [H]e didn't accept responsibility for all of
> his counts, and he has been given a reduction
> of two points for accepting responsibility
> for the first two counts.  That's the counts
> he was convicted of.  But he went to trial.
> Fortunately he won, but I think [the

                    probation officer] is right in giving him
                    only a two-point reduction.

Id. at 8.  Thus, it appears that the district court's denial of
the additional one-offense-level decrease was based at least in
part on the defendant's refusal to plead guilty to count III, on
which he was acquitted.

          The defendant argues that the district court's ruling
was inconsistent with United States v. Rodriguez, 975 F.2d 999
(3d Cir. 1992).  In that case, two defendants, Rodriguez and
Anderson, were willing to plead guilty to some of the charges
against them but not to others, and they therefore went to trial.
Rodriguez refused to plead guilty to a firearms possession count
on which he was acquitted at trial.  Anderson was willing to
plead guilty to a charge of conspiring to distribute cocaine, but
he refused to admit that the object of the conspiracy was to
distribute more than three kilograms of cocaine, and on appeal
our court agreed with his position concerning the amount of
cocaine involved.  At the sentencing stage, Rodriguez and
Anderson argued that they were entitled to an offense-level
decrease under U.S.S.G. § 3E1.1 even though they had not pled
guilty, but the district court denied that decrease.

          On appeal, we concluded that Rodriguez's and Anderson's
sentences should be vacated and that they should be resentenced.
We noted that a defendant who elects to go to trial is not
categorically barred from receiving an offense-level reduction
for acceptance of responsibility.  975 F.2d at 1009.  We then

concluded that "when the trial court decided whether to award the two level reduction, it erred in failing to consider the reasons for which Anderson and Rodriguez refused to plead to the entire indictment, along with the apparent validity of those reasons." Id. at 1009. We therefore remanded "for consideration of this issue by the district court" at resentencing. Id.

Our holding in Rodriguez essentially reiterates the rules set out in U.S.S.G. § 3E1.1, Application Note 1. That Note states that it is appropriate for a court to consider a defendant's "truthfully admitting the conduct comprising the offense(s) of conviction, and truthfully or not falsely denying any additional relevant conduct for which the defendant is accountable under [U.S.S.G.] § 1B1.3 (Relevant Conduct)." This Note then adds:

> Note that a defendant is not required to volunteer, or affirmatively admit, relevant conduct beyond the offense of conviction in order to obtain a reduction under subsection (a). A defendant may remain silent in respect to relevant conduct beyond the offense of conviction without affecting his ability to obtain a reduction under this subsection. However, a defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility. . . .

Applying these rules here, we believe that the defendant's sentence must be vacated and that this case must be remanded for resentencing. Based on the statements made by the district court, it appears that the court may have incorrectly

considered the defendant's refusal to admit conduct not comprising part of the offenses of conviction. On appeal, the government has propounded other bases on which an offense-level reduction under U.S.S.G. § 3E1.1 could, in its view, be denied. We will not address these grounds here but will leave them to be considered in the first instance by the district court.

B. The defendant argues that the district court erred in awarding one criminal history point under U.S.S.G. § 4A1.1(c) for his prior sentence for the summary offense of harassment. Under U.S.S.G. § 4A1.2(c), prior sentences for specified offenses, "by whatever name they are known," are generally not counted. One of these specified offenses is "disorderly conduct," and the defendant argues that the offense of "harassment" under Pennsylvania law is "equivalent" to "disorderly conduct" and therefore should not be counted.

We need not and consequently do not reach this question. The district court calculated that the defendant had 11 criminal history points and therefore placed him in criminal history category V. Even if we accepted the defendant's argument concerning his sentence for harassment, the defendant would still have 10 criminal history points; he would thus remain in criminal history category V, and his sentence would be unaffected.[9]

_____

[9]. By instructing that sentencing courts should not count a prior sentence for "disorderly conduct" "by whatever name [it is] known" (U.S.S.G. § 4A1.2(c)(1)), the Sentencing Commission appears to mean that sentencing courts should determine whether a particular offense is in essence the same as the offense of disorderly conduct as that offense is generally understood. This

C. The defendant's final argument concerning his sentence is that the district court erred in finding that he was a "supervisor" of criminal activity under U.S.S.G. § 3B1.1(c) and in thus increasing his offense level by two levels. We review the district court's finding for clear error. United States v. Balletiere, 971 F.2d 961, 969 (3d Cir. 1992); United States v. Phillips, 959 F.2d 1187, 1191 (3d Cir. 1992), cert. denied, 113 S. Ct. 497 (1992). Applying that standard, we reject the defendant's argument.

The evidence at trial showed that the defendant directed a young man or a boy, whom the defendant identified as his cousin, to deliver a package of heroin to an informant. The evidence also established that, after this delivery was made, the defendant criticized the young man or boy for being too open in his manner of handing over the package. This evidence, although not overwhelming, was sufficient to support the district court's finding.

IV.

(..continued)
instruction, however, is not easy to follow because "disorderly conduct" is "[a] term of loose and indefinite meaning (except when defined by statutes). . . ." Black's Law Dictionary 469 (6th ed. 1990). See also IV C. Torcia, Wharton's Criminal Law § 523 at 177-78 (14th ed 1981) ("The offense varies significantly from state to state, and a uniform and consistent pattern is difficult to discern."). It would therefore be helpful if the Commission clarified what it means by the essence of the offense of disorderly conduct.

For the reasons explained above, we affirm the defendant's conviction, but we vacate his sentence and remand for resentencing in accordance with this opinion.