

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-22-2006

# USA v. Rodriguez-Bedolla

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3540

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Rodriguez-Bedolla" (2006). *2006 Decisions.* Paper 851.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/851

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 05-3540

_____

UNITED STATES OF AMERICA

v.

ROBERTO RODRIGUEZ-BEDOLLA,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 04-cr-00250)
District Judge:  Honorable James K. Gardner

_____

Submitted Under Third Circuit LAR 34.1(a)
June 16, 2006

Before:  FISHER, CHAGARES and REAVLEY,[*] *Circuit Judges*.

(Filed: June 22, 2006)

_____

OPINION

_____

_____

[*]The Honorable Thomas M. Reavley, United States Circuit Judge for the Fifth
Circuit, sitting by designation.

REAVLEY, *Circuit Judge.*

Rodriguez-Bedolla appeals his sentence, arguing that he should have been assigned seven criminal history points rather than nine. U.S.S.G. § 4A1.1(d) instructs that when calculating a defendant's criminal history, the sentencing court must add two points "if the defendant committed the instant offense ... while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." Section 4A1.2(m) applies this to violation of warrants. The crux of Rodriguez-Bedolla's argument is that the addition of these two criminal history points was improper because the underlying warrant violated was invalid.

Rodriguez-Bedolla's guideline range was 37-46 months. Rodriguez-Bedolla was sentenced to the lowest point in this range, 37 months. This Court has held that it need not reach an issue when the appellant's "sentence would be unaffected" even if he were successful on that point. *United States v. Fields*, 39 F.3d 439, 447 (3d Cir. 1994). Since Rodriguez-Bedolla's guideline range would be unaffected by a reduction of two criminal history points, Rodriguez-Bedolla would not receive any lesser sentence on remand.

Accordingly, the District Court's judgment will be affirmed.