OPINION
McKEE, Circuit Judge.
Pedro Gutierrez appeals the order of the district court denying his motion to dismiss the indictment pursuant to Rule 12(b) of the Federal Rules of Criminal Procedure based on alleged violations of his speedy trial rights under the Sixth Amendment to the United States Constitution and the Speedy Trial Act, 18 U.S.C. § 3161. For the reasons set forth below, we will affirm.
I.
We review the district court’s legal conclusions de novo, but we review “the factual findings underpinning these legal conclusions ... for clear error.” Burkett v. Fulcomer, 951 F.2d 1431, 1438 (3d Cir. 1991). We review the court’s decision to grant continuances for abuse of discretion. United States v. Fields, 39 F.3d 439, 444 (3d Cir.1994).
As we write primarily for the parties who are familiar with the facts of this case, *699 we need not recite the factual or procedural history in detail.
Gutierrez argues that the district court abused its discretion in granting continuances under the test set forth in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 83 L.Ed.2d 101 (1972), and that his rights under the Speedy Trial Act were also violated.
II.
The Sixth Amendment requires the government to make a diligent, good faith effort to promptly bring a defendant to trial. Smith v. Hooey, 393 U.S. 374, 383, 89 S.Ct. 575, 21 L.Ed.2d 607 (1969). In Barker v. Wingo, the Supreme Court established a balancing test to determine when delays violated that Sixth Amendment right. Pursuant to that test, courts must consider: (1) the length of the delay, (2) the reason for the delay, (3) the defendant’s assertion of his right, and (4) prejudice to the defendant. 407 U.S. at 530, 92 S.Ct. 2182.
The first Barker factor — the length of delay — triggers a speedy trial inquiry as there is no need to undertake a speedy trial analysis unless the length of any delay is sufficient to be “presumptively prejudicial.” Id. at 530, 92 S.Ct. 2182. The outcome of that initial inquiry depends on the facts and circumstances of each case. Id. at 530-31, 92 S.Ct. 2182 (finding that the delay that can be tolerated for an ordinary street crime is considerably less than for a serious, complex conspiracy charge). Generally, delays that approach twelve months are sufficient to trigger a speedy trial inquiry under Barker. See Doggett v. United States, 505 U.S. 647, 651 n. 1, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992). Nevertheless, delay alone, is not sufficient to establish a speedy trial violation under the Sixth Amendment. See id.
Here, the time that lapsed between Gutierrez’s arraignment and trial is sufficient to warrant an inquiry under Barker. Accordingly, the district court appropriately considered each of the Barker factors, and concluded that Gutierrez’s right to a speedy trial under the Sixth Amendment had not been violated.
The court concluded that although Gutierrez did “timely and consistently assert[] his speedy trial rights,” both the second and fourth Barker factors weighed heavily against him. United States v. Gutierrez, No. 06-CR-582-4, 2007 WL 4302812, at *11 (E.D.Pa. December 6, 2007). The court found that there was a valid and significant reason to delay the trial and Gutierrez suffered no prejudice. We agree.
Plea negotiations were ongoing and they appeared to be progressing toward a non-trial disposition. More importantly, Gutierrez had filed twenty five pretrial motions, many of which required hearings, findings of fact, and memorandum opinions and orders. Gutierrez can not now complain because the court delayed his trial long enough to thoughtfully consider and dispose of the numerous motions he filed.
Moreover, the Supreme Court has identified the key interests that the Sixth Amendment is designed to protect, “(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired.” Barker, 407 U.S. at 532, 92 S.Ct. 2182. The Court has stressed the last interest because delay can result in loss of defense witnesses or dim memories of witnesses whose recollection may be crucial to a credible defense. Id.
Yet, Gutierrez has not identified any specific prejudice resulting from his pretrial delay. He has not established that the delay jeopardized the testimony of any defense witness, nor can he argue that his pretrial detention was oppressive, or re *700 sponsible for undue anxiety or concern. United States v. Gutierrez, No. 06-CR-582-4, 2007 WL 4302812, at *12 (E.D.Pa. December 6, 2007). On the contrary, the district court found that the delay inured to Gutierrez’s benefit because it facilitated his ability to defend himself by allowing time for the court to thoughtfully respond to his pretrial motions.
III.
Similarly, the district court did not abuse its discretion in granting a continuance under the 70-day requirement in the Speedy Trial Act. The Speedy Trial Act requires that a defendant be brought to trial 70 days from the date of information, indictment, or arraignment, whichever occurs last. 18 U.S.C. § 3161(c)(1). The statute, however, provides exceptions for certain types of delays. 18 U.S.C. 3161(h). The district court found that at least three of these exceptions applied here.
The court found that the delay was justified under 18 U.S.C. § 3161(h)(8)(A), which allows for a delay if the “ends of justice” served by the delay outweigh the interests of the public and the defendant in a speedy trial. A district court is “required to set out its reasons for granting an ‘ends of justice’ continuance” to provide a record for appellate review, otherwise “the time is not excludible.” United States v. Brooks, 697 F.2d 517, 520 (3d Cir.1982). Additionally, once a district court grants a continuance we have “strongly urged” district courts “not to wait and rely on counsel to inform them when defendants are ready to go to trial.” United States v. Lattany, 982 F.2d 866, 883 (3d Cir.1992).
Here, the district court ruled that this was a complex case because of the number of defendants, and the fact that the indictment contained fifty separate charges. See United States v. Fields, 39 F.3d 439, 444 (3d Cir.1994) (holding that an “ends of justice” continuance may be appropriate where the case is “unusual or complex”). Although Gutierrez attempts to refute that finding as to him by arguing that he was only charged in three counts, that does not reduce the overall complexity of the case. He does not complain that his case should have been severed to allow a more prompt resolution of his charges, and the record would not support a finding of prejudice even if he made such a claim. Moreover, the court outlined specific deadlines for pre-trial matters, scheduled a definitive new date for the trial, and adequately explained its reasons for granting an “ends of justice” continuance.
We also agree with the district court’s conclusion that the delay was justified under 18 U.S.C. § 3161(h)(1)(F), which allows delay resulting from the filing and deciding of pretrial motions. As the district court noted, “[ajlthough Gutierrez objected to both continuances, he also took advantage of the time they provided, filing over two dozen pretrial motions.” United States v. Gutierrez, No. 06-CR-582-4, 2007 WL 4302812, at *15 (E.D.Pa. December 6, 2007).
The district court also applied the exception that allows for delay beyond the 70 day period where it would be unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself, 18 U.S.C. § 3161 (h)(8)(B)(ii). Pointing to the approximately 47,000 pages of discovery provided by the government, the district court reasoned a continuance was necessary “to alleviate the burdensome discovery in this case by providing the defendants ample time to review the government’s evidence against them.” That was clearly not only reasonable, but necessary for a fair resolution of the charges in the indictment.
*701 IV.
For the foregoing reasons, we will affirm the orders of the district court denying Gutierrez’s motion to dismiss the indictment.