NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 20-1333

———————

UNITED STATES OF AMERICA

v.

CAMERON BASKING,
                    Appellant

———————

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal Action No. 2-19-cr-00193-001)
District Judge: Honorable Marilyn J. Horan

———————

Submitted under Third Circuit LAR 34.1(a)
on November 19, 2020

Before: AMBRO, BIBAS and ROTH, <u>Circuit Judges</u>

(Opinion filed: March 31, 2021)

———————

OPINION[*]

———————

ROTH, <u>Circuit Judge</u>

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Cameron Basking appeals his drug and firearm convictions, alleging violations of his rights to a speedy trial, to be free from unreasonable searches, and to call witnesses. He also asserts that the District Court erred in failing to order the government to return forfeited property. We will affirm.

**I**

On March 14, 2018, the FBI executed warrants to search Basking's person and several properties based on an affidavit by Special Agent John Balish. The FBI found firearms, drugs, and evidence of drug distribution on the properties, including in a house at 401 West Carter Drive. Basking was arrested and charged by Criminal Complaint with possessing heroin and fentanyl with the intent to distribute them, possessing a firearm in furtherance of that crime, and being a felon in possession of a firearm.

Between April 2018 and October 2018, the District Court granted four motions to extend the speedy-trial deadline, the last of which was filed after the previous extension had expired. Although the Federal Public Defender was appointed as Basking's counsel on April 3, 2018, the government stated in each Motion that Basking consented to the continuances through private counsel, William Difenderfer. On December 13, 2018, Difenderfer entered his appearance. On December 14, 2018, and February 28, 2019, the District Court again granted motions extending the speedy-trial deadline to February 22 and June 22, 2019, again with Difenderfer's consent. On May 21, 2019, Basking's new counsel, Chris Eyster, moved to, *inter alia*, dismiss the charges because of alleged Speedy Trial Act violations. The District Court rejected this ground for dismissal.

On June 25, 2019, after another extension, the government indicted Basking, charging him with conspiracy, possessing fentanyl and cocaine with intent to distribute, possessing a firearm in furtherance of that crime, and being a felon in possession of a firearm.  On September 9, 2019, the District Court denied Basking's Motion to Suppress evidence found at 401 West Carter Drive.  A jury convicted Basking on all counts.  The District Court then denied his motions seeking to compel production of grand jury transcripts and the return of a Chevrolet Camaro seized by the FBI.

## II

## A.

Basking claims that the District Court erred in failing to suppress the evidence recovered from 401 West Carter Drive.  We disagree.  Evidence obtained pursuant to a search warrant will not be excluded unless the affidavit is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable."[1]  This is a heavy burden, and Basking has not met it.[2]

The affidavit here is not bare bones.  Based on his training and experience, Agent Balish stated that drug dealers often maintain and use multiple properties to spread out and conceal their drugs, weapons, and cash, and that Basking engaged in that behavior.[3] He described Basking driving from 1415 Princeton Boulevard and his home at 3021 Viola Street to (1) a noncompleted controlled drug sale to a confidential informant

---

[1] *United States v. Werdene*, 883 F.3d 204, 217 (3d Cir. 2018).
[2] *United States v. Pavulak*, 700 F.3d 651, 664 (3d Cir. 2012).
[3] *See United States v. Whitner*, 219 F.3d 289, 292–93, 298–99 (3d Cir. 2000) (affirming magistrate's reliance on officer's affidavit based on his experience with stash houses).

scheduled in November 2017, (2) a completed sale to the informant in February 2018, and (3) another completed sale with a co-conspirator to an unidentified buyer in February 2018. Shortly before another scheduled sale with the informant, Basking and the co-conspirator drove from the latter's home to 401 West Carter Drive, the co-conspirator went inside, and then they both drove away recklessly, forcing the FBI to discontinue surveillance temporarily. Basking then called the informant to set a meeting place, briefly went into 1415 Princeton Boulevard alone, and then drove directly to the controlled sale. Thus, the "affidavit to some degree linked *every* location with either drug activity or an alleged or confirmed drug dealer."[4] It connected 401 West Carter Drive to Basking, to a known co-conspirator, and to evasive driving shortly before a controlled drug sale. Based on the above, we conclude that the District Court properly denied the motion to suppress.

**B.**

Basking contends that the government violated the Speedy Trial Act and Sixth Amendment by failing to indict him within thirty days of his arrest. Although the Act excludes delays caused by continuances granted in the interest of justice,[5] Basking argues that the October 2018 and February 2019 continuances were not excludable because they were granted after the prior continuances had elapsed.

---

[4] *United States v. Stearn*, 597 F.3d 540, 562 (3d Cir. 2010); *see also United States v. Ninety-Two Thousand Four Hundred Twenty-Two Dollars & Fifty-Seven Cents ($92,422.57)*, 307 F.3d 137, 147 (3d Cir. 2002) ("[T]he simple fact that Kim's cashed checks from grocery stores implicated in the food stamp trafficking scheme is strong evidence that Kim's was also involved in the scheme.").

[5] 18 U.S.C. § 3161(h)(7)(A).

Basking is judicially estopped from raising this argument. Judicial estoppel "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase."[6] Basking consented to the granting of each motion. The motions each stated that the parties were "engaged in discussions regarding a plea agreement" and that "[a]dditional time" was needed to "permit the parties to explore fully the law and the particular circumstances associated with this case."[7] Basking argues that Difenderfer could not consent to the October continuance on his behalf because he did not enter his appearance until December 2018. Basking cites no authority, however, for the position that an attorney cannot negotiate for a defendant outside of court before filing a notice of appearance. Difenderfer had been representing and advising Basking since April 2018.

The District Court adopted the parties' position that the benefits "from a pre-indictment agreement which provides for judicial economy are substantial and in the best interest of justice."[8] Basking benefited from these continuances, receiving more time to try to negotiate a plea agreement and to get new counsel who ultimately tried the case. Accordingly, we conclude that there was no Speedy Trial Act violation.

**C.**

---

[6] *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001).

[7] Mot. For Extension of Time ¶ 4, *United States v. Basking*, No. 18-mj-411 (W.D. Pa. Oct. 29, 2018), ECF No. 18.

[8] *United States v. Basking*, No. 18-mj-411, slip op. at 1 (W.D. Pa. Oct. 30, 2018); *see also United States v. Fields*, 39 F.3d 439, 445 (3d Cir. 1994) (rejecting argument that "an 'ends of justice' continuance may not be granted in appropriate circumstances to permit plea negotiations to continue").

Basking asserts that he was entitled to access Task Force Officer Lee Niebel's grand jury testimony and to call him at trial to explore alleged discrepancies between the Complaint, Indictment, and another agent's trial testimony. We disagree. The District Court precluded the testimony of Officer Niebel proffered by Basking because it was hearsay. Basking did not explain then, and does not explain now, why the testimony was admissible. Even if it were admissible, however, its exclusion would be harmless error. The evidence against Basking—including his admissions—was overwhelming, and he does not argue that he was otherwise prevented from raising a defense.[9]

As for the grand jury testimony, Basking did not file a motion for production until after he had filed his appeal. At this time, the District Court no longer had jurisdiction over the case. Even if it had, Basking has not shown a "compelling necessity" for the testimony[10] or otherwise identified an applicable exception to the general rule that grand jury transcripts are not discoverable.

## D.

Finally, Basking argues that the District Court erred in failing to order the government to return the Camaro. A claim challenging an administrative forfeiture must

---

[9] *See United States v. DeMuro*, 677 F.3d 550, 566–67 (3d Cir. 2012) (holding that exclusion of testimony was harmless where the evidence against defendant was "substantial," the proffered testimony has "minimal probative value," and she failed to "describe[] the substance of any further testimony from" the excluded witness); *United States v. Hanson*, 994 F.2d 403, 407 (7th Cir. 1993).

[10] *United States v. McDowell*, 888 F.2d 285, 289 (3d Cir. 1989). Nor has Basking identified any authority allowing a prosecutor to forfeit the secrecy of the transcripts by stating initially that she would produce them. To the contrary, the government is forbidden from disclosing the contents of grand jury proceedings except in limited circumstances. FED. R. CRIM. P. 6(e)(2)–(3).

"state the claimant's interest in such property" and "be made under oath."[11] Basking did not show that he has an interest in the Camaro or make his motion under oath. Although Agent Balish stated in his affidavit supporting the search warrants that the Camaro was "registered to Cameron Basking/Shevonne Booth,"[12] Basking stated in his motion that the car belonged to his girlfriend. Because Basking did not show that he had an interest in the car, the District Court did not err in dismissing his claim.

### III

For the above reasons, we will affirm the Judgment and Orders of the District Court.

---

[11] 18 U.S.C. § 983(a)(2)(C)(ii)–(iii). Because the Parties have not identified a completed forfeiture proceeding involving the car, let alone shown that the car was sold, we review this claim under § 983(a) rather than (e). Even if § 983(e) applied, however, Basking would still have to show that he has an "interest in the property" such that he was "entitled to written notice" of the forfeiture proceeding.

[12] Gov't's Supp. Appx. at 17.